Larry **GRIGSBY**, Appellant,

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Nov. 20, 1978.

Certiorari Denied by Supreme Court
Jan. 2, 1979.

Charles W. Boyle, Jr., Robert Eugene Smith, Atlanta, Ga., for appellant.

William M. Leech, Jr., Atty. Gen., Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., Blountville, R. Jerry Beck and Steven H. Jones, Asst. Dist. Attys. Gen., Blountville, for appellee.

## OPINION

DUNCAN, Judge.

The appellant, Larry Grigsby, was convicted in the Sullivan County Criminal Court of distributing obscene material, and received a jail sentence of six months and a fine of $2500.

The appellant argues that the magazines which were the subject matter of this prosecution are not obscene, and that the trial judge erred in instructing the jury that the requisite scienter could be established by proof of "constructive knowledge." We affirm the judgment.

On May 18, 1977, Officer Walter K. Musgrove of the Bristol Police Department went to "Larry's News" in Bristol. A sign on the door of this establishment read, "For Adults Only." Officer Musgrove entered the newsstand and observed a glass display counter containing for sale several sex oriented items, including "vibrators and aphrodisiacs." He also observed a magazine rack containing magazines for sale which depicted acts of "sex, homosexuality, sadomasochism and heterosexual activities." Officer Musgrove purchased four magazines which had the following titles: "Freaky Lovers," "Bondage Methods," "Hot Action" and "Lesbian Lovers." The evidence showed that this business establishment was owned by the appellant, and that he personally sold the magazines to Officer Musgrove.

■ First, the appellant argues that the magazines are not obscene. We have inspected these magazines and find that they clearly come within the definition of obscene materials set out in T.C.A. § 39–3010 (1975). We hold (1) that the average person, applying contemporary community standards, would find that each of these magazines, taken as a whole, appeals to the prurient interest; (2) that each magazine depicts or describes, in a patently offensive way, sexual conduct; and (3) that each magazine, taken as a whole, lacks serious literary, artistic, political or scientific value. As such, these magazines are not protected by the first amendment. *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); *Roth v. U. S.,* 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); *Taylor v. State ex rel. Kirkpatrick,* 529 S.W.2d 692 (Tenn.1975).

We agree with the jury that these magazines are obscene. This assignment is not meritorious.

■ Next, the appellant contends that the trial judge gave an erroneous instruction on the issue of scienter.

In the trial judge's instructions to the jury, he charged, among other things, the statutory definition of "knowingly"—T.C.A. § 39–3010(F) (1975)—as follows:

"Knowingly" . . . means having actual or constructive knowledge of the subject matter. A person shall be deemed to have constructive knowledge of the contents if he has knowledge of

facts which would put a reasonable and prudent man on notice as to the suspect nature of the material.

Later in his charge, the trial judge stated:

As indicated, you must find beyond a reasonable doubt that the defendant knowingly distributed obscene material, that is that he was aware of the character, nature and contents of the material in question. You are reminded that you must consider all the direct and circumstantial evidence as [to] this issue and all issues.

In *Hamling v. U. S.,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), the district court judge instructed the jury, *inter alia,* "that in order to prove specific intent on the part of these petitioners, the Government had to demonstrate that petitioners 'knew the envelopes and packages containing the subject materials were mailed or placed . . . in Interstate Commerce, and . . . that they had knowledge of the character of the materials.'" 94 S.Ct. at 2909. The district court further instructed the jury that the [petitioner's] belief as to the obscenity or non-obscenity of the material was irrelevant. The Supreme Court held these instructions to be proper and explained:

It is constitutionally sufficient that the prosecution shows that a defendant had knowledge of the contents of the materials he distributed, and that he knew the character and nature of the materials. To require proof of a defendant's knowledge of the legal status of the materials would permit the defendant to avoid prosecution by simply claiming that he had not brushed up on the law. Such a formulation of the scienter requirements is required neither by the language of 18 U.S.C. § 1461 nor by the Constitution. 94 S.Ct. at 2910–2911.

Our Supreme Court in *Taylor v. State ex rel. Kirkpatrick, supra,* held, among other things, that the 1974 Obscenity Act—T.C.A. §§ 39–3010, et seq. (1975)—was not unconstitutional on the ground that it lacked a requirement of scienter. In stating that the act clearly required scienter, the Court said:

To render constitutional a statute which prohibits the exhibition or distribution of obscene material, it is not necessary to require that a defendant know or believe that the material in question is legally obscene; it is sufficient to require that the defendant have knowledge of the contents or character of the obscene material. *Hamling v. United States,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). (other citations omitted). 529 S.W.2d at 695.

. . . . .

Obviously, the statute before us complies with the scienter requirement of the First Amendment as construed in the foregoing cases. Section 3(A) requires that the prohibited act of exhibition, distribution, etc., be knowingly done; and, "knowingly" is defined in Section 2(F) as meaning actual knowledge of the subject matter or actual knowledge of facts which would put a reasonable and prudent man on notice of the suspect nature of the material in question. 529 S.W.2d at 695.

In the present case, the trial judge clearly told the jury that before the appellant could be found guilty, they had to find that he knowingly distributed the obscene material, and further explained to them that the appellant had to be aware of the character, nature and contents of the material in question. We hold that the trial judge's instructions were proper and were in compliance with the constitutional standards stated in the *Hamling* and *Taylor* cases.

From the direct and circumstantial evidence in this case, the jury was well warranted in finding, in accordance with the instructions given, that the appellant knowingly distributed the obscene magazines and did it with knowledge of facts sufficient to put him on notice of the obscene nature of them.

We overrule the appellant's assignments of error, and the judgment of the trial court is affirmed.

RUSSELL, P. J., and JOHN D. TEMPLETON, Special Judge, concur.